Filed 3/15/24  P. v. Singleton CA5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>TYLIEK NICHOLAS W. SINGLETON,<br><br>  Defendant and Appellant. | F086263<br><br>(Super. Ct. No. CR-23-000713)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Nancy A. Leo, Judge.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kari Ricci Mueller and Paul E. O'Connor, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Poochigian, Acting P. J., Peña, J. and Smith, J.

Defendant Tyliek Nicholas W. Singleton appeals from a judgment entered after he pled no contest to a single count of evading a peace officer. Before defendant entered his plea, the trial court denied his request for mental health diversion. Defendant argues the court erred in denying his diversion request because it applied the wrong legal standard in determining whether he was eligible for diversion. Defendant argues the error was not harmless, the issue was preserved for appeal, and asks the matter to be remanded for the court to apply the correct legal standard to his diversion request.

The People concede the trial court applied the wrong legal standard in denying defendant's request for mental health diversion, but argue the court properly denied the request because defendant did not provide sufficient evidence that he was eligible and suitable for diversion. In the alternative, the People assert the proper remedy is a remand to the court for a complete assessment of defendant's eligibility and suitability for diversion.

We agree the trial court applied an incorrect legal standard in denying defendant's diversion request. We conditionally reverse defendant's conviction and sentence, and remand for the court to consider defendant's request for mental health diversion under the correct legal standard. We otherwise affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 21, 2023, the Stanislaus County District Attorney filed an information charging defendant with a single count of evading a peace officer (Veh. Code, § 2800.2, subd. (a)). The information further alleged defendant had suffered a prior strike conviction within the meaning of the "Three Strikes" law (Pen. Code,[1] §§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), which also qualified as a serious felony conviction (§ 667, subd. (d)). The information alleged two aggravating circumstances

---

[1]    All further statutory references are to the Penal Code.

2.

that defendant's prior convictions were numerous (Cal. Rules of Court, rule 4.421(b)(2)) and defendant has served a prior prison term (Cal. Rules of Court, rule 4.421(b)(3)).

The sole charge arose out of an incident on January 23, 2023.[2] On that date, Stanislaus County Sheriff's Deputy Dalton Gonzalez was assigned to patrol and driving a marked patrol vehicle. Gonzalez was traveling northbound on Highway 99 when he saw a vehicle with a registration that had expired in June 2022. Gonzalez activated his forward-facing red lights to conduct a traffic stop of the vehicle. Defendant accelerated the vehicle away at a speed up to 90 miles per hour, swerving in and out of traffic. At one point, defendant drove onto the highway's right shoulder, then turned left, crossed all three lanes, and continued northbound on Highway 99 until the Whitmore Avenue exit. Defendant drove onto the right shoulder again due to heavy traffic at the Whitmore Avenue exit and made a quick left turn in front of other motorists. Defendant lost control of the vehicle, sending the vehicle in a reverse direction and causing the vehicle to come to a complete stop and lose its two front wheels. Two motorists on Highway 99 collided because of defendant losing control of his vehicle. Defendant got out of the vehicle, ran across the highway, and jumped over the fence. Defendant was subsequently located and apprehended by the Ceres Police Department.

On April 3, 2023, defendant filed a motion for mental health diversion pursuant to section 1001.36. Defendant asserted he had been diagnosed with post-traumatic stress disorder (PTSD), alcohol use disorder, and amphetamine use disorder. Defendant attached two one-page reports to his motion reflecting these diagnoses. The first report was from Stanislaus County Behavioral Health and Recovery Services (BHRS) and stated defendant was diagnosed with PTSD. The second report was on the Stanislaus County alternate public defender's letterhead. The report stated that defendant was

---

[2] The facts underlying defendant's conviction are taken from the preliminary hearing transcript, which the parties stipulated to as the factual basis for defendant's plea.

3.

diagnosed with alcohol use disorder and amphetamine use disorder, and met the criteria for clinically managed low-intensity residential treatment based on a comprehensive substance abuse disorder assessment. Neither report identified who made these diagnoses or assessed defendant.

On April 4, 2023, the trial court heard defendant's motion for mental health diversion. Defense counsel advised the court that defendant was a veteran and there were additional records from the Department of Veterans Affairs (VA), but she had been unable to obtain those records due to time constraints. The prosecutor pointed to a "technical flaw" that the report from BHRS did not identify who evaluated defendant. The prosecutor further argued defendant had not met his burden of showing his criminal behavior was linked to the diagnosis. Defense counsel responded that she did not believe a mental health expert was required to opine on whether there is a nexus between the crime and the diagnosis. The court stated in pertinent part: "If I were to grant a motion like this on an evasion case, the evidence that I would hope to see would be defendant was—suffered [PTSD] because he was in a situation where there were lights and sirens and he couldn't flee and he saw something traumatic and thus was in the same state of panic. He reports he was in the same state of panic at the time of the incident. [¶] Now, you're never going to get a mental health professional to say that the diagnosis caused this behavior directly, but that it could cause this behavior given the particulars of his situation. The mere diagnosis of [PTSD], without more to connect it to the incident involved, it is nexus. I don't think I can grant the motion. And I understand that if you were given more time or if [your] client was willing to waive time you could get those military records and probably be able to link those up. But at this point in time there's insufficient evidence to show a nexus between the [PTSD] and the conduct involved other than my layperson's opinion, which is, [y]eah, I could, but I don't know that for a fact given what I've been provided in the motions." The court denied defendant's motion without prejudice.

On April 12, 2023, defendant entered a plea of no contest to the sole charge of evading a peace officer, and admitted his prior strike and the aggravating circumstance that he had numerous prior convictions. The trial court struck the other aggravating circumstance pled and the prior strike pursuant to the prosecutor's motion. The court sentenced defendant to three years.

Defendant filed a timely notice of appeal.

## DISCUSSION

Defendant argues the trial court applied the wrong legal standard in denying his diversion request by requiring him to demonstrate a nexus between his mental health disorder and criminal conduct after section 1001.36 had been amended to presume the disorder was a significant factor in commission of the charged offense.

### I. Applicable Law and Standard of Review

In 2018, the Legislature enacted section 1001.36, which created a pretrial diversion program for defendants with certain diagnosed mental health disorders, including PTSD. (*People v. Frahs* (2020) 9 Cal.5th 618, 624 (*Frahs*); § 1001.36, subds. (a), (b)(1)(A).) Diversion suspends criminal proceedings to allow the defendant to undergo mental health treatment and, if the defendant successfully completes diversion, the charges that were the subject of the proceedings must be dismissed. (§ 1001.36, subds. (f)(1), (f)(1)(C), (h); *Frahs*, at p. 631.) "The primary purposes of the legislation are to keep people with mental disorders from entering and reentering the criminal justice system while protecting public safety, to give counties discretion in developing and implementing diversion across a continuum of care settings, and to provide mental health rehabilitative services." (*People v. Qualkinbush* (2022) 79 Cal.App.5th 879, 886; § 1001.35, subds. (a)–(c).)

The defendant bears the burden of making a prima facie showing that he or she meets all of the threshold eligibility requirements, and the defendant and the offense are suitable for diversion. (§ 1001.36, subd. (e); *People v. Braden* (2023) 14 Cal.5th 791,

5.

814 [the defendant bears the burden of providing evidence in support of the diversion request].) If the defendant is eligible and suitable for diversion, the trial court must also be "satisfied that the recommended inpatient or outpatient program of mental health treatment will meet the specialized mental health treatment needs of the defendant." (§ 1001.36, subd. (f)(1)(A)(i).)

"As originally enacted, section 1001.36 provided that a trial court may grant pretrial diversion if it finds all of the following: (1) the defendant suffers from a qualifying mental disorder; (2) the disorder played a significant role in the commission of the charged offense; (3) the defendant's symptoms will respond to mental health treatment; (4) the defendant consents to diversion and waives his or her speedy trial right; (5) the defendant agrees to comply with treatment; and (6) the defendant will not pose an unreasonable risk of danger to public safety if treated in the community." (*Frahs*, *supra*, 9 Cal.5th at pp. 626–627; former § 1001.36, subd. (b)(1)–(6).) The first two criteria necessitated the court was "satisfied" the defendant suffered from a qualifying mental health disorder and that disorder played a significant role in committing the offense. (Former § 1001.36, subd. (b)(1)–(2).) Senate Bill No. 215 (2017–2018 Reg. Sess.) amended the second criterion to require "the defendant's mental disorder was a significant factor in the commission of the charged offense." (§ 1001.36, subd. (b)(2); Stats. 2018, ch. 1005, § 1.)

Effective January 1, 2023, Senate Bill No. 1223 (2021–2022 Reg. Sess.) further amended section 1001.36 to recharacterize the first two criteria as eligibility requirements and the other four criteria as suitability factors. (§ 1001.36, subds. (a)–(c); Stats. 2022, ch. 735, § 1.) "More substantively, a defendant's eligibility no longer turned on findings to the court's 'satisfaction.' " (*Sarmiento v. Superior Court* (2024) 98 Cal.App.5th 882, 891.) Under the amended statute, a defendant is eligible for diversion if they "ha[ve] been diagnosed" with a qualifying mental disorder within the last five years by a qualified mental health expert. (§ 1001.36, subd. (b)(1).) Amended section 1001.36 also

6.

"creates a presumption that the defendant's diagnosed mental disorder was a significant factor in the commission of the charged crime." (*Sarmiento*, at p. 891; *People v. Doron* (2023) 95 Cal.App.5th 1, 8 (*Doron*) [the Legislature simplified the process for a defendant to request diversion by presuming the disorder is connected to the offense and "permit the court to deny diversion if the People rebutted the presumption"].) Specifically, section 1001.36, subdivision (b)(2) as amended provides that the court "shall find that the defendant's mental disorder was a significant factor in the commission of the charged offense unless there is clear and convincing evidence that it was not a motivating factor, causal factor, or contributing factor to the defendant's involvement in the alleged offense."

If the defendant meets the eligibility requirements under the amended section 1001.36, the "court must consider whether the defendant is suitable for pretrial diversion." (§ 1001.36, subd. (c).) Even if the defendant is eligible and suitable for mental health diversion, the trial court retains the discretion to deny the request. (*People v. Oneal* (2021) 64 Cal.App.5th 581, 588–589 (*Oneal*); *Doron*, *supra*, 95 Cal.App.5th at p. 9 ["a diversion order is expressly discretionary with the court, even when all of the criteria are met"].)

A trial court's denial of a request for mental health diversion is reviewed for abuse of discretion.[3] (*People v. Moine* (2021) 62 Cal.App.5th 440, 448–449; § 1001.36, subd. (a) [the court "may, in its discretion," grant pretrial diversion].) "A trial court's factual findings under section 1001.36 must be supported by substantial evidence." (*Negron v. Superior Court* (2021) 70 Cal.App.5th 1007, 1016.) "A court abuses its

---

[3]     The trial court's denial of defendant's diversion motion is appealable. (*People v. Qualkinbush*, *supra*, 79 Cal.App.5th at pp. 887–888.) Defendant's timely notice of appeal and receipt of a certificate of probable cause preserved the issue for appellate review. (*Id*. at p. 887; § 1237.5.) The People do not argue the trial court's ruling is not appealable.

discretion when it makes an arbitrary or capricious decision by applying the wrong legal standard [citations], or bases its decision on express or implied factual findings that are not supported by substantial evidence." (*Moine*, at p. 449; *People v. Armstrong* (2019) 6 Cal.5th 735, 756.)

## II. Analysis

Under the version of section 1001.36 effective when defendant requested diversion, the trial court was obligated to find defendant's mental disorder was a significant factor in commission of the charged offense in the absence of clear and convincing evidence to the contrary. Instead, the court focused on the sufficiency of the evidence provided by defendant of a connection between defendant's diagnosis of PTSD and the offense. The court initially stated "the evidence [it] would hope to see" would show defendant suffered PTSD "because he was in a situation where there were lights and sirens and he couldn't flee and he saw something traumatic and thus was in the same state of panic." The court noted defendant's "mere diagnosis" of PTSD "without more to connect it to the incident." The court conceded that with more time, defendant could obtain his "military records and probably be able to link" his PTSD with the offense. The court ultimately concluded in denying defendant's diversion request there was "insufficient evidence to show a nexus between the [PTSD] and the conduct involved." The record thus shows the court incorrectly believed defendant was still required to prove his mental disorder was a significant factor in commission of the offense to be eligible for diversion under section 1001.36.

"An abuse of discretion is shown when the trial court applies the wrong legal standard." (*Costco Wholesale Corp. v. Superior Court* (2009) 47 Cal.4th 725, 733.) Defendant "was entitled to the court's informed discretion on his motion for mental health diversion." (*Doron, supra*, 95 Cal.App.5th at p. 10, italics omitted.) Under these circumstances, the appropriate remedy is to remand unless the record clearly indicates that the trial court would have reached the same conclusion. (See *People v. Jefferson*

8.

(2019) 38 Cal.App.5th 399, 407–409 [remand would be futile where the record clearly indicated the trial court would not have found the defendant eligible for diversion]; see also *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391 [remand for resentencing is required where the trial court was unaware of its sentencing discretion unless record clearly indicates the court would have reached the same conclusion if it had been aware of its discretion].)

The People argue the trial court reached the correct result in denying defendant's request because the evidence in support of defendant's diversion motion was insufficient as a matter of law. The People primarily focus on the adequacy of the documentation regarding defendant's mental health diagnoses. They argue the assessments attached to defendant's motion were not signed by a qualified mental health expert, do not state whether defendant was diagnosed within the last five years, and contain no opinion on whether defendant was amenable to treatment or would pose an unreasonable risk of danger to public safety if he were treated in the community. Defendant acknowledges the assessments attached to his motion were not signed by a qualified mental health expert but argues the court made a finding that defendant suffered from PTSD. Defendant further argues his records from the VA obtained after the diversion hearing show he is eligible for mental health diversion and request the matter be remanded for the court to consider his request.[4] The People agree the proper remedy if the court's ruling is reversed is to remand for the court to conduct a complete assessment of defendant that complies with section 1001.36.

---

[4]     On December 6, 2023, defendant's appointed appellate counsel filed an application to expand her appointment to include preparation and filing of a petition for writ of habeas corpus, mandate, or prohibition in this court. Counsel wished to include mental health records obtained from the VA with a writ of habeas corpus. This request was deferred on December 12, 2023, pending consideration of the appeal on its merits. Because defendant's case is being remanded to reconsider his diversion request and defendant may submit these records in support of his request, counsel's application is denied as moot.

We conclude a conditional limited remand is appropriate because the trial court applied the incorrect legal standard to defendant's diversion request and the record indicates defendant may suffer from PTSD, a qualifying mental disorder. (See *Frahs*, *supra*, 9 Cal.5th at pp. 640–641 [conditional limited remand is appropriate where the defendant appears to suffer from a qualifying mental health disorder].) While the court did not expressly find defendant had PTSD, the record indicates the court presumed he suffered from this disorder in evaluating whether there was sufficient evidence to show a nexus between the PTSD and the offense. Because the court erroneously concluded defendant was ineligible for diversion without a showing his PTSD was a significant factor in the commission of the offense, the court did not specifically address whether defendant met his burden of showing a qualifying mental disorder diagnosed by a qualified mental health expert within five years. Based on the record before us, defendant may be able to show he is eligible for diversion, and he is entitled to the court's informed discretion in determining same. Whether defendant can show he was diagnosed with PTSD within the last five years by a qualified mental health expert, or the People can rebut the presumption defendant's PTSD was a significant factor in the charged offense, involve "quintessential factfinding" best left to the court's sound discretion in the first instance. (*Oneal*, *supra*, 64 Cal.App.5th at p. 589.)

The People do not argue the record clearly indicates the trial court would have found defendant unsuitable for diversion, and nor could they because the court did not comment on whether defendant was suitable for diversion. Once the court concluded defendant was ineligible for diversion, the court could have rationally concluded there was no reason to address suitability.[5] (See, e.g., *People v. Bunas* (2022)

---

[5] A trial court's denial of a diversion request may be upheld if the court correctly concluded defendant did not meet one of the statutory criteria. (See, e.g., *Oneal*, *supra*, 64 Cal.App.5th at p. 593 [the trial court's finding the defendant was ineligible for diversion independently supported denial of diversion request even assuming the court's finding of dangerousness was not supported by substantial evidence; *People v. Gerson*

79 Cal.App.5th 840, 859–860 [the trial court may deny a diversion request based on the defendant's failure to show either eligibility or suitability].) Even under the amended section 1001.36, the court was only required to consider suitability if defendant met the criteria for eligibility. (§ 1001.36, subd. (c).) If on remand the court finds defendant is eligible for diversion, the court must then consider whether defendant is suitable for diversion.

The matter must be remanded for the trial court to determine defendant's eligibility for mental health diversion under the correct legal standard pursuant to amended section 1001.36. Nothing in this opinion precludes the court from considering any subsequent evidence that comes to light regarding defendant's eligibility or suitability for diversion. We express no view regarding whether defendant is eligible or suitable for diversion, or how the court should exercise its discretion in determining whether to grant diversion.

## **DISPOSITION**

Defendant's conviction and sentence are conditionally reversed, and the matter is remanded for the trial court to consider defendant's eligibility for mental health diversion under amended section 1001.36. If the court finds that defendant is eligible for mental health diversion, the court shall consider whether defendant is suitable for diversion under the criteria in section 1001.36. If defendant is eligible and suitable for diversion under section 1001.36, then the court may grant diversion. If defendant successfully completes diversion, the court shall dismiss the sole charge. If the court determines that mental health diversion is not appropriate, or if the court grants diversion and defendant does not successfully complete diversion, then defendant's conviction and judgment shall be reinstated.

---

(2022) 80 Cal.App.5th 1067, 1086, fn. 15 [the appellate court was not obligated to consider the defendant's arguments regarding suitability where the evidence supported the trial court's conclusion he did not suffer from a qualifying mental disorder].)

In all other respects, the judgment is affirmed.